## Case No. 15,688.
### UNITED STATES v. McKEE.

[4 Dill. 128, ¹ 5 Reporter, 7; 10 Chi. Leg. News, 18; 6 Am. Law Rec. 196; 23 Int. Rev. Rec. 338; 25 Pittsb. Leg. J. 39.]

Circuit Court, E. D. Missouri.    Sept. 28, 1877.

INTERNAL REVENUE—JUDGMENT IN CRIMINAL CASE —SUBSEQUENT CIVIL SUIT FOR PENALTY— EFFECT OF PARDON.

1. The defendant was indicted, convicted, and punished under section 5440 of the Revised Statutes for conspiring with certain distillers to defraud the United States, by the unlawful removal of distilled spirits from their distilleries, without the payment of taxes. U. S. v. McKee [Cases Nos. 15,685, 16,686, and 15,687]. In the present suit he was sued civilly, under section 3296 of the Revised Statutes [15 Stat. 140], to recover the penalty of double the amount of the taxes of which the government had been defrauded by means of the said conspiracy, the two transactions being the same. It was held that the present suit for the penalty was barred by the judgment in the criminal case.

[Distinguished in Re Leszynsky, Case No. 8,- 279. Cited in U. S. v. De Grieff, Id. 14,936; Coffey v. U. S., 116 U. S. 445, 6 Sup. Ct. 440. Followed in U. S. v. One Distillery, 43 Fed. 852. Distinguished in U. S. v. 3 Copper Stills, 47 Fed. 499. Cited in U. S. v. Shapleigh, 4 C. C. A. 237, 54 Fed. 133. Distinguished in U. S. v. Olsen, 57 Fed. 582.]

[Distinguished in Rollins v. Breed (Sup.) 8 N. Y. Supp. 49.]

2. The unconditional pardon by the president, of the offence charged in the indictment, is a bar to the present suit.

[Distinguished in Re Leszynsky, Case No. 8,- 279.]

[Cited in Knapp v. Thomas, 39 Ohio St. 381.]

This is a civil action by the United States against William McKee, based upon section 3296 of the Revised Statutes of the United

---

¹ [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

States, to recover the penalty of double the amount of taxes on distilled spirits, out of which the government alleges it was defrauded, by means of a conspiracy entered into for that purpose by the defendant and certain named distillers, for the unlawful removal by the distillers of said spirits without the payment of taxes. In these re-movals it is alleged that the defendant, McKee, aided and abetted. To this petition the defendant pleaded: First. That he had been indicted in this court, and convicted and punished for the same offence, and the plea sets forth the substance of the indictment, and the judgment of the court, by which he was sentenced to pay a fine of $10,000, and to imprisonment in the county jail for two years. This record showed that the defendant was indicted under Rev. St. § 5440, and the overt acts charged in the indictment are alleged to be the unlawful removal of the same distilled spirits, without the payment of taxes, for which the penalty here sought to be recovered is denounced by section 3296 of the Revised Statutes. [See Cases Nos. 15,685, 15,686, 15,683, and 15,687.] Second. The defendant pleaded a full and unconditional pardon by the president, and he exhibits a copy of the pardon with his plea. To these pleas the government demurred, on the ground that they constituted no bar to the present action.

Mr. Bliss, Dist. Atty., for the United States.

C. H. Krum and H. A. Clover, for defendant.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice. This is a civil action brought by the government against William McKee, to recover the liability which section 3296 of the Revised Statutes denounces, of double the amount of taxes of which the United States has been defrauded by the unlawful removal of whiskey from the distilleries of divers persons, at different times, within this district.

The petition charges that in all these removals the defendant, in the language of the statute, aided and abetted.

To each and all of these charges defendant makes two defences.

1. That he has been indicted in this court, convicted, and punished for the same offences.

2. That for these offences he has been pardoned by the president, and he exhibits a copy of the pardon with his plea.

To this answer the plaintiff demurs.

In determining the sufficiency of both these defences, it is necessary to ascertain clearly the nature of the offence charged in the indictment for which the defendant has been punished; for if it is the same offence, as defined by law, for which he is now prosecuted, and is also for the same trans-

actions, our laws forbid that he or any one else shall be twice punished for the same crime or misdemeanor.

In the former trial he was indicted for a conspiracy to defraud the government of the United States out of taxes due on whiskey distilled by the several parties mentioned, and that in pursuit of that conspiracy other parties than defendant—who were his co-conspirators—did unlawfully remove said whiskey.

It thus appears that the whiskey was actually removed; that by this removal the government was defrauded of its taxes; that defendant was one of the several persons who conspired together to do this act, though it was not charged that he personally took part in the acts of removal.

In the present case, while he is not charged with a conspiracy by that name, he is charged with aiding and abetting this same removal, and, if convicted, will be punished for the same removals.

We are all of opinion that his joining the conspiracy, of which the purpose was to remove the whiskey, was aiding and abetting the removal which was effected by means of that conspiracy.

How can a man more effectually aid an unlawful act than by counseling and advising its execution, and giving his influence to its support, and the best energies of his mind to devise the safest and surest means of its accomplishment? If three men agree to compass the death of another, and one of them puts their joint purpose into effect, do not the other two aid and abet the murder? and is not such an agreement also a conspiracy to murder the victim?

We are, therefore, of opinion that if the specific acts of removal on which this suit is brought are the same which were proved in the indictment, the former judgment and conviction is a bar to the present action; and we are also of opinion that the allegations of the answer are sufficient averments that they are the same. If the counsel for the United States thinks they are not the same, he can take issue on that plea, and have the issue tried.

Little need be said about the plea of pardon, because if the indictment and sentence of McKee were for the same offences, both in law and in fact, for which this action is brought, it is conceded that the pardon is also a bar to the civil suit. If it is not conceded, we have no doubt that it is so. As it stands in connection with the averments of the answer, we hold it to be a good plea. Whether it would be a good bar to an action for acts not included in that prosecution, but of the same character, we need not now decide, though I have, personally, a strong opinion that it would.

The demurrer is overruled.

Demurrer overruled.