## UNITED STATES *v.* THREE COPPER STILLS, etc.

*(District Court, D. Kentucky. December 16, 1890.)*

1. ILLICIT DISTILLING—FORFEITURE—CRIMINAL PROSECUTION.
   One who has been fined and imprisoned under Rev. St. U. S. § 3257, for illicit distilling, is estopped to claim as his own the distillery and spirits forfeited thereby; and such a conviction is not a bar to the proceeding *in rem* required by section 3453 to declare and perfect the forfeiture.

2. SAME—FORMER JEOPARDY.
   A conviction, under Rev. St. U. S. § 3296, for removing distilled spirits to a place other than a distillery warehouse, or concealing them there contrary to law, is not a bar to a conviction under section 3281 for illicit distilling, because the same are different offenses; and the question of being twice in jeopardy, within Const. U. S. Amend. 5, does not arise.

3. SAME—PROCEEDING IN REM.
   Const. U. S. Amend. 5, declaring that no one shall twice be put in jeopardy for the same offense, does not apply to proceedings *in rem;* and a conviction, therefore, under section 3296 is not a bar to proceedings under sections 3289, 3299, for the forfeiture of spirits found in unstamped packages, or in places other than distillery warehouses, to which they have been removed contrary to law.

At Law.
*George W. Jolly,* U. S. Atty.
*S. McKee,* for claimants.

BARR, J. This is a proceeding to condemn as forfeited three copper stills and distilling apparatus and thirty-three packages of apple brandy The proceedings seek to forfeit this property under sections 3257, 3281, 3289, and 3299, and the allegations of the information are sustained by the evidence. The only question is whether or not the plea of the claimants, Jones and Chestnut, of a former conviction will bar the present proceedings, and release the property seized. The records of the proceedings under the indictments, which were tried in this court at Covington, show that the claimant Chestnut was indicted under sections 3257 and 3296, but that a demurrer was sustained to the count of the indictment under section 3257. The jury found him guilty on the other counts of the indictment, which were drawn under section 3296. The other claimant, Jones, who was a partner with Chestnut in the distilling business, was indicted under the same sections as Chestnut, and was convicted on all of the counts of the indictment,—that is, under both sections. Both claimants were sentenced under these convictions to be fined and imprisoned; and they now insist that, as the brandy seized and sought to be forfeited in this proceeding belongs to them, having been distilled by them, and they have been indicted and convicted for the violation of the law for which the brandy was seized and is sought to be forfeited, their conviction is a bar to the present proceeding; that they are being twice put in jeopardy for the same offense. This is an interesting question, and one not free from doubt. Section 3257 provides that—

"Whenever any person engaged in carrying on the business of a distiller defrauds or attempts to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, he shall forfeit the distillery and distilling apparatus used by him, and all distilled spirits and all raw materials for the production of distilled spirits, found in the distillery and on the distillery premises. and shall be fined not less than $500 nor more than $5,000, and be imprisoned not less six months and not more than three years."

The forfeiture of the still and distilling apparatus and also 10 packages of brandy is sought under this section. There may be other provisions of the law which would authorize a forfeiture of the still and distilling apparatus, but as 10 packages of brandy were found in the distillery warehouse, properly gauged and marked, this section is the only one which authorizes a forfeiture of that brandy. It will be seen from the record of the criminal proceedings that the claimant Chestnut was not tried under this section, but that a demurrer was sustained to the count of the indictment alleging an offense under this section. The claimant Jones was, however, indicted and found guilty under this section. Jones and Chestnut claim to be joint owners of this distillery and the brandy. Thus the question arises as to the effect of the conviction of Jones under this section. This section prescribes as punishment a forfeiture, a fine, and an imprisonment. A fine and imprisonment would follow as the sentence of court on the conviction under the indictment against Jones, but a sentence of forfeiture could not be entered upon this conviction. The sentence of forfeiture did not follow upon the conviction under this indictment, because congress has provided another

mode of procedure.    The legal effect of the conviction may be to estop the convicted person from recovering the specified things if guilty, but a proceeding *in rem* is necessary to declare and perfect the forfeiture.    See section 3453, rule 22, Admiralty Rules.    In such proceedings the supreme court has said:

"The thing is here primarily considered as the offender, or rather the offense is attached primarily to the thing; and this, whether the offense be *malum prohibitum* or *malum in se.* * * * Many cases exist when the forfeiture for acts done attaches solely *in rem,* and there is no accompanying penalty *in personam.*    Many cases exist where there is both a forfeiture *in rem* and a personal penalty.    But in neither class of cases has it ever been decided that the prosecutions were dependent upon each other; but the practice has been, and so this court understands the law to be, that the proceeding *in rem* stands independent of and wholly unaffected by any criminal proceeding *in personam.*"    *The Palmyra,* 12 Wheat. 14.

This opinion has been somewhat modified by a later case in the supreme court, in that, the court declares some proceedings *in rem* for forfeitures under the internal revenue laws do not "stand independent of and wholly unaffected by any criminal proceeding *in personam.*"    In *Coffey* v. *U. S.,* 116 U. S. 436, 6 Sup. Ct. Rep. 437, the court has declared that an acquittal under a criminal charge is a bar to a proceeding *in rem* to forfeit spirits upon the same facts as against the person acquitted.    The court, in the *Coffey Case,* says:

"The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist.    This was ascertained once for all between the United States and the claimant in the criminal proceeding, so that the facts cannot be again litigated between them as the basis of any statutory punishment denounced as a consequence of the existence of the facts."

Although the court in that case declined to express an opinion as to whether a conviction on an indictment under section 3257 could be availed of as conclusive evidence in law for a condemnation in a subsequent suit *in rem* under that section, it must necessarily follow from the reasoning of the court that, if an acquittal is conclusive on the United States, a conviction must be conclusive on the convicted claimant, who, in this case, is Jones.    Chestnut was not tried under section 3257, hence his position is different.    The alleged bar because of conviction under this section does not arise.

This brings us to consider whether Jones and Chestnut's conviction under section 3296[1] is a bar to the present proceeding.    The claimant

[1]Sec. 3296.    Whenever any person removes or aids or abets in the removal of any distilled spirits on which the tax has not been paid to a place other than the distillery warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes or aids or abets in the removal of any distilled spirits from any distillery warehouse or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed, he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than two hundred dollars nor more than five thousand dollars, and imprisoned not less than three months nor more than three years.

Chestnut was convicted of aiding in the removal to a place other than the distillery warehouse provided by law of 200 gallons of distilled spirits, contained in 5 packages, on which a tax had been imposed by law, which tax had not been paid, and in aiding in the concealment of 120 gallons of distilled spirits, contained in 3 barrels, in the barn of Charles Day, on which a tax had been imposed by law, which tax had not been paid. The claimant Jones, in addition to being found guilty under section 3257, was convicted under section 3296 of unlawfully aiding in the removal to a place other than the distillery warehouse provided by law of 200 gallons, contained in 5 packages, on which spirits a tax had been imposed by law, and which had not been paid. These are the same packages mentioned in the indictment against Chestnut. He was also convicted of aiding in the concealment of the 3 barrels of distilled spirits found in the barn of Charles Day. These 8 packages are part of those now sought to be forfeited in this proceeding. The other packages of the 33 now proceeded against are not mentioned or covered in the counts of the indictment under section 3296 against either Jones or Chestnut.

Section 3299 provides that—

"All distilled spirits found elsewhere than in a distillery or distillery warehouse, not having been removed therefrom according to law, shall be forfeited to the United States."

Section 3289 provides that—

"All distilled spirits found in any cask or package containing five gallons or more, without having thereon each mark and stamp required therefor by law, shall be forfeited to the United States."

Section 3281 provides that—

"Any person * * * who shall * * * carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, shall for every such offense be fined," etc. "* * * * And all distilled spirits, and all stills or other apparatus fit or intended to be used for the distillation * * * of spirits, * * * owned by such person, wherever found, and all distilled spirits * * * and personal property found in the distillery, * * * or in any building, room, or yard, or inclosure connected therewith, and used with or constituting a part of said premises, * * * shall be forfeited to the United States."

It is evident that proceedings *in rem* may be had under sections 3289 and 3299 without regard to the guilt of any particular person, and that the forfeiture is because of the location and *status* of the distilled spirits, or the condition in which the casks containing the distilled spirits are found. The thing is considered guilty, without regard to the owner or his guilt. This is certainly primarily so. In this case 8 of the 33 packages proceeded against were removed and concealed by the claimants, and hence they are so far the guilty party, and for this they have been convicted. It is also true that in the trial of the indictments evidence of the want of marks and stamps on the 8 packages could have been given in evidence to prove the tax was unpaid. The forfeiture authorized under section 3281 seems to be because of the guilt of

the distiller, and the use to which the things were put, and their location. This information, which proceeds under section 3281, is, I think, a different offense from the one for which the claimant Chestnut was convicted under section 3296. The offense under section 3257, for which Jones was convicted, is substantially the same as that charged in this information. But, as I have indicated, that conviction prevents him from claiming property which is forfeited by the provisions of section 3257. The question of being twice put in jeopardy cannot arise as to the copper stills and distilling apparatus which has been seized, either as to Jones or Chestnut. This question, however, does arise as to the three and five packages of brandy, not because they were removed or concealed by Jones and Chestnut, but because they were found elsewhere than in a distillery or distillery warehouse, and had not been removed according to law, and were without proper marks or stamps. The forfeiture is not, therefore, because of the guilt of Jones and Chestnut, but by reason of the *status* and condition in which the brandy was found, without regard to or an inquiry into the conduct of the owners of the brandy seized. The brandy and the packages in which they are is the offender, or, to use the language of Judge Story, "the offense is attached primarily to the thing," without regard to the owner or his conduct. Congress intended distilled spirits, under these sections, to be liable to forfeiture if found as therein described, even though the owner was innocent of causing the condition and *status*. If I am correct in this construction of these sections, the innocence of the owner of such distilled spirits would not protect it from forfeiture, and certainly the guilt of the owner should not; and it does not, unless some provision of the constitution prevents such a forfeiture.

The constitution of the United States (amendment 5) declares that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," but this provision is not a limitation upon the kinds of punishment which may be inflicted for an offense. Hence there may be a fine, an imprisonment, and forfeiture for the same offense, if the law so provides. This provision of the constitution does not in terms include such a proceeding as this one. It was intended by a constitutional provision to embody the common-law rule, but that rule did not embrace proceedings *in rem*, such as this one, when the thing was forfeited because of its *status*, use, or location. *The Palmyra*, 12 Wheat. 12; *State* v. *Barrels of Liquor*, 47 N. H. 374; *Sanders* v. *State*, 2 Iowa, 230; Wap. Proc. in Rem, §§ 24, 25; *State* v. *Inness*, 53 Me. 536. There is no case known to me which decides that this constitutional provision includes a proceeding *in rem*, which is a civil action, within its inhibition. It is true that the reasons given for the decision in *U. S.* v. *McKee*, 4 Dill. 128, would indicate that the fact the second proceeding was a civil action would make no difference as to the application of this constitutional provision, but that case differs from the one at bar in that it was a direct proceeding against McKee, and sought to secure double taxes for the same offense for which he had been convicted and sentenced. This is certainly a very broad application of this provision of

the constitution, but, broad as it is, it does not cover a proceeding *in rem* to forfeit a thing subject under an express statute because of its *status*, use, or location, and that without regard to the guilt or innocence of the owner of the thing.    This case—*U. S.* v. *McKee*—is referred to in the case of *Coffey* v. *U. S.*, 116 U. S. 445, 6 Sup. Ct. Rep. 437, and the reason for that decision given; but I do not understand the reason given for the decision is approved and declared applicable to a proceeding *in rem*. The reason given by the supreme court in *Coffey* v. *U. S.* is entirely different, as we have seen; and this is a most significant fact, since, if the reasoning of the court in *U. S.* v. *McKee* had been adopted and made applicable, it would have been conclusive of that case, and all others like it, whether there was a conviction or an acquittal.    But the reasons given by the supreme court prove, we think, that it did not intend to declare or intimate that the proceeding *in rem* taken to forfeit property claimed by Coffey was putting him "twice in jeopardy of life or limb," within the meaning of the constitutional prohibition.    Indeed, the language of the court seems to put that beyond controversy.    The court says, (page 443, 116 U. S., and page 441, 6 Sup. Ct. Rep.:)

"Whether a conviction on an indictment under section 3257 could be availed of as conclusive evidence in law for a condemnation in a subsequent suit *in rem* under that section, and whether a judgment of forfeiture in a suit *in rem* under it would be conclusive evidence in law for a conviction on a subsequent indictment under it, are questions not now presented."

If there is inference to be drawn from this language, it is rather that there could be a subsequent suit *in rem* or a subsequent indictment, as the case might require.    If not this, there is certainly no indication that there could be only an indictment or a proceeding *in rem*, and that the United States would be forced to elect which it would pursue.    If I am correct in the conclusion that this proceeding to forfeit these eight packages of brandy claimed by Jones and Chestnut is not putting them in jeopardy twice, within the meaning of the constitution, notwithstanding they have been convicted for aiding in removing and concealing them under section 3296, it follows they must be condemned as forfeited as well as the other property seized.    I conclude, therefore, that the facts proven by the United States fully sustain the grounds alleged for the forfeiture in the information, and that the conviction of Jones and Chestnut under the indictments at Covington is not a bar to the forfeiture. All of the property seized and described in the information should be condemned, and it is so ordered.