## UNITED STATES v. NEELY.

(Circuit Court, S. D. New York. November 23, 1903.)

1. UNITED STATES — OFFICERS — FUNDS — MISAPPROPRIATION — AMNESTY BY FOREIGN GOVERNMENT—EFFECT.

Act Cuban Cong. June 9, 1902, granting amnesty of crimes committed during the period of intervention by citizens of the United States, and providing that the courts shall discontinue pending proceedings against such citizens, and that the supreme tribunal shall send down and the judges of examination shall send up to the respective courts the dossiers relating to accused persons of said citizenship, applied only to the punishment for crimes committed, and did not bar an action by the United States against one of its officers, stationed in Cuba during military occupation thereof, to recover moneys belonging to the United States, misappropriated by such officer.

2. SAME—JUDICIAL PROCEEDINGS IN FOREIGN COUNTRY—BAR—DETERMINATION OF QUESTION—MOTION TO DISMISS.

In a civil action by the United States to recover money from one of its officers, which he was charged to have misappropriated while acting as such officer during the United States military occupation of the Island of Cuba, whether a proceeding in the Cuban courts to punish such officer for such act, which was subsequently dismissed under the amnesty act, was a bar to such action by the United States, would not be finally determined on a motion to dismiss the action.

Motion Made by Defendant for Dismissal of the Action or Leave to Serve Supplemental Answer.

Henry L. Burnett, U. S. Atty., and Edward K. Jones, Sp. Asst. U. S. Atty.

Nicoll, Anabelle & Lindsay, for defendant.

LACOMBE, Circuit Judge. This is a common-law action to recover funds converted by the defendant while chief of Bureau of Finance of the Department of Posts of the Island of Cuba during the temporary occupation of that island by the military forces of the United States. At the time defendant was an official of the United States under the system of post offices, etc., established in the Island of Cuba by the United States during its temporary occupation of the same.

The defendant, by answer, denies the alleged conversion or embezzlement, but for the purposes of this motion the averments of the complaint must be taken as true. The legal title to the moneys which came into his hands during the performance of his official duties and which he embezzled was in the United States, and it is understood that no question is made on this motion as to the propriety of the institution of this action by the United States to recover the moneys from Neely. It is contended that certain proceedings which have taken place in the Island of Cuba subsequent to the military occupancy by the United States constitute a bar to the further maintenance of the action, and for that reason the defendant asks that it be dismissed. Such practice is altogether unusual, but the court is not prepared to say that it would not, in a proper case, find some such short method to avoid the delay and expense of a trial where there was no dispute as to the facts relied on, or the conclu-

sions of law to be drawn therefrom. It is contended that a certain act of amnesty which was passed by the Congress of the Republic of Cuba June 9, 1902, has extinguished all civil liability on the part of Neely for the moneys which he converted to his own use. The act of amnesty reads as follows:

"Section 1. Amnesty is granted of crimes committed during the period of intervention by the citizens of the United States of America.

"Art. 2. The courts shall, without further order, discontinue proceedings now pending against such citizens and for that purpose the Supreme Tribunal shall send down and the judges of examination shall send up to the respective courts the dossiers now under the cognizance relating to accused persons of said citizenship."

It is difficult to understand by what process of reasoning a provision as plain as this can be so construed as to transfer the title to property from the true owner to the thief who stole it. The cases referred to in the brief (U. S. v. Cullerton, 8 Biss. 171, Fed. Cas. No. 14,899, and U. S. v. McKee, 4 Dill. 128, Fed. Cas. No. 15,688) are not at all in point, because in those cases the actions were not to recover moneys converted by the offender, but to enforce a pecuniary liability imposed upon such offender as punishment under a penal statute.

It is further contended that judicial proceedings in the courts of Cuba constitute a bar to the further maintenance of this case. It appears that after the passage of the act of amnesty proceedings were taken under such act to secure the benefits thereof to the defendant, and the final disposition of a certain case then pending against him was that "the present action be immediately stayed according to the provisions of the first article of the said law," and that "all the claims in the case are fully and freely released with a statement of the legal costs." Inspection of the record, however, shows that the proceeding in the courts of Cuba was a criminal one. The court of the first instance found that the defendant had committed certain acts which constituted the crime of malversation of the postal funds, the punishment for said crime being imprisonment for not less than six months or more than ten years, or a fine equal in amount to the amount embezzled, or both; and it condemned the defendant as "guilty in the character of principal by direct participation of his acts," etc., "constituting the crime of malversation of postal funds to the penalty of ten years' imprisonment and a fine of $56,701.02." The action that was "stayed" was a criminal action, and the "case" the claims in which were fully and freely released was a criminal case in which it was claimed that defendant should be fined and imprisoned. Such a disposition of the criminal prosecution in Cuba apparently has no effect upon the action for conversion which is now before this court.

This is a point, however, which should not be finally disposed of by an order upon motion. The question presented should be formally raised, and more fully considered at the trial, when proper exceptions and such disposition of them as shall then be made will insure a review of all the questions by the appellate court.

The motion to dismiss is denied, but consent is given to the filing

of the supplemental answer, which, however, will be without prejudice to the date of issue, to the notices of trial heretofore served, and the position of the case on the trial calendar.