UNITED STATES v. MANUFACTURING APPARATUS, OLEOMARGA-RINE, AND RAW MATERIALS OF WESTERN OLEOMARGARINE CO.

(District Court, D. Colorado.    May 19, 1916.)

No. 6455.

JUDGMENT ☞559 — BAR — CRIMINAL PROSECUTION — OLEOMARGARINE ACT — FRAUD BY MANUFACTURER—PROCEEDING FOR FORFEITURE.

The criminal prosecution of a stockholder and director of a corporation under Act Aug. 2, 1886, c. 840, § 17, 24 Stat. 212 (Comp. St. 1913, § 6229), for defrauding the United States of the tax on oleomargarine resulting in an acquittal, is not a bar to a subsequent proceeding under said section for the forfeiture of the oleomargarine and the manufacturing apparatus and raw materials for its manufacture owned by the corporation based upon the same alleged offense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1077, 1078.]

Information of libel by the United States against manufacturing apparatus, oleomargarine, and raw materials of the Western Oleomargarine Company. On demurrer to special plea. Demurrer sustained.

H. B. Tedrow, U. S. Dist. Atty., and Otto Bock, Asst. Dist. Atty., both of Denver, Colo.

Wm. H. Dickson, Smith, Brock & Ferguson, and Jno. P. Akolt, all of Denver, Colo., for defendant.

LEWIS, District Judge. This is an action in rem for the forfeiture of oleomargarine and manufacturing apparatus used in the alleged violation of the Acts relating to internal revenue (Act August 2, 1886, 24 Stat. 212, § 17). The information of libel alleges that the unlawful business was being carried on by the Western Oleomargarine Company, a corporation.

The second defense of the answer sets up a special plea, in that John R. Handy and Albert H. Flood were stockholders, officers and direc-

tors of the corporation at the time of the alleged unlawful acts, that they were indicted for a criminal violation of the same section of the Act, there was a nol. pros. as to Handy, trial and acquittal of Flood, and that the offense charged in the indictment is the identical offense that is attempted to be charged by the libel against the corporation, and that the evidence necessary to sustain the libel will consist of the same facts which were adduced in evidence in the trial of Flood; and thus the criminal prosecution is plead as a bar.

Flood and Handy are not parties to this proceeding and have not appeared, but the answer containing the special plea is set up by the Ætna Accident & Liability Company, it having become surety on the delivery bond for the return of the oleomargarine and manufacturing apparatus after they had been seized by the Collector of Internal Revenue.

To the special plea thus set up by the Accident & Liability Company the district attorney has entered a demurrer. Counsel who interposed the plea rely chiefly on United States v. One Distillery (D. C.) 43 Fed. 846, to sustain its sufficiency; and it must be conceded that the holding in that case is that way—it being there held that a stockholder in the claimant company comes within the principle announced in Coffey v. U. S., 116 U. S. 445, 6 Sup. Ct. 437, 29 L. Ed. 684. I am not disposed to carry the principle announced in the Coffey Case that far. Judge Morrow in U. S. v. Olsen (D. C.) 57 Fed. 579, expressed a doubt whether the opinion in 43 Fed. 846, should be applied in principle beyond the particular facts there involved which are quite unlike those in hand. In the Coffey Case he was the defendant in the criminal prosecution and also claimant. Likewise, in U. S. v. Rosenthal, 174 Fed. 652, 98 C. C. A. 406; U. S. v. Seattle B. & M. Co. (D. C.) 135 Fed. 597.

The Western Oleomargarine Company, claimant, was not put in jeopardy by the prosecution of Flood. The issue involved in that prosecution was not one under which the claimant could have been punished or its property taken. It was only the punishment of Flood and the taking of his property that could have been reached under that issue, and its final determination constitutes a bar only in his behalf. United States v. A Lot of Precious Stones & Jewelry, 134 Fed. 61, 68 C. C. A. 1; Stone v. U. S., 167 U. S. 184, 17 Sup. Ct. 778, 42 L. Ed. 127; United States v. Three Copper Stills (D. C.) 47 Fed. 495; United States v. Olsen, supra; Coffey v. United States, supra.

The plea is bad and the demurrer must be sustained.

It is so ordered.