In re FOOD CONSERVATION ACT.

(District Court, N. D. New York. December 26, 1918.)

1. CRIMINAL LAW ⬤⟳1209—DOUBLE PUNISHMENT.

When a defendant has been indicted, convicted, and punished under Act Aug. 10, 1917, § 15 (Comp. St. 1918, § 3115⅛l), for importing distilled spirits in violation of its prohibition, he cannot be proceeded against in rem for forfeiture of the vehicles used in bringing in such spirits, under Rev. St. § 3062 (Comp. St. § 5764), but the spirits, being unlawfully in the United States, may be seized and condemned.

2. CRIMINAL LAW ⬤⟳1206(1)—STATUTE CREATING NEW OFFENSE—PUNISHMENT.

When a statute creates a new offense and fixes the penalty, or prescribes a specific punishment, only that punishment can be inflicted which the statute prescribes.

3. JUDGMENT ⬤⟳559—CONCLUSIVENESS—"ACQUITTAL"—"CONVICTION."

An "acquittal," as between the same parties, establishes once for all that the acts alleged were not committed by the one charged with the offense, while a "conviction" is an adjudication, once for all, as between the same parties, that the acts alleged were committed, and in such case the consequences prescribed by law must follow.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acquittal; Conviction.]

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] No opinion filed.

In the matter of violations of Food Conservation Act Aug. 10, 1917, § 10, by bringing into the United States distilled spirits.

The question arises under section 15, chapter 53, Act Aug. 10, 1917, 40 Stat. 282 (Comp. St. 1918, § 3115⅛l), whether or not those who violate the act by bringing into the United States from the Dominion of Canada, or any foreign country, distilled spirits, forfeit to the United States, not only such distilled spirits, but the vehicle used in so importing or bringing in such articles.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y., for the United States.

Geo. J. Moore, of Malone, N. Y., for certain defendants.

RAY, District Judge. [1] Act Aug. 10, 1917, c. 53, § 15, 40 Stat. 282 (Comp. St. 1918, § 3115⅛l), provides:

"That from and after thirty days from the date of the approval of this act no foods, fruits, food materials, or feeds shall be used in the production of distilled spirits for beverage purposes; * * * *nor shall there be imported into the United States any distilled spirits.* * * * Any person who willfully violates the provisions of this section, * * * or who shall import any such liquors without first obtaining a license so to do when a license is required under this section, * * * shall be punished by a fine not exceeding $5,000, or by imprisonment for not more than two years, or both."

This provision forbids and prohibits the importation—that is, bringing—into the United States of any distilled spirits, and makes such bringing in a crime punishable by fine or imprisonment, and the fine and term of imprisonment are specified. This section is not a part of the customs laws, providing for the importation of "dutiable" goods.

Section 3096, c. 11, R. S. U. S. (Comp. St. § 5808), "Provisions Applying to Commerce with Contiguous Countries," provides:

"All persons may import any merchandise *of which the importation shall not be entirely prohibited,* into the districts which are or may be established on the northern and northwestern boundaries of the United States, in vessels or boats of any burden, and in rafts or carriages of any kind or nature whatsoever."

This does not permit the importation of distilled spirits, as, since the enactment of August 10, 1917, the importation has been absolutely and wholly prohibited, and even before that a duty was imposed on distilled spirits, and they could only be imported through the custom house on payment of the duties imposed.

Section 3098, R. S. U. S. (Comp. St. § 5810), provides that:

"The * * * driver of any carriage or sleigh, and every other person, coming from any foreign territory adjacent to the United States into the United States, *with merchandise subject to duty,* shall deliver, immediately on his arrival within the United States, a manifest of the cargo or loading of such * * * carriage or sleigh, or of the merchandise so brought from such foreign territory, at the office of any collector or deputy collector which shall be nearest to the boundary line, or nearest to the road or waters by which such merchandise is brought"

—same to be verified and contain a description of the property, etc. The next section, section 3099 (section 5811), provides that if this is not done, or if the custom house be passed by—

"the merchandise *subject to duty*, and so imported, shall be forfeited to the United States, *together with the vessel, boat * * * or the carriage or sleigh, * * * drawing the same,* * * * and such master * * * or other importer shall be subject to a penalty of four times the value of the merchandise so imported."

This section, providing for the forfeiture of the vehicle in which goods are brought into the United States without entry or payment of duty, applies to vehicles drawing or transporting "dutiable goods" only.

Prior to the enactment of the law of August 10, 1917, distilled spirits were subject to duty, and hence, if brought in in violation of law—that is, without payment of duty—the spirits and vehicle in which transported could be seized as forfeited under the provisions of the statute quoted. I find no express and specific provision for the forfeiture and seizure of goods brought into the United States, where the importation is absolutely prohibited by statute, or of the vehicle, etc., by which such goods or merchandise was drawn or in which carried. Such merchandise is not dutiable. But I do find the following which I think applicable in this case. Section 3059, R. S. U. S. (Comp. St. § 5761), specifies the officers who may make searches and seizures, and section 3061 (section 5763) provides that any such officer—

"may stop, search, and examine, as well without as within their respective districts, any vehicle, beast, or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, * * * and if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, beast or person, * * * which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person, in possession or charge, or by, in, or upon such vehicle, beast or otherwise, he shall seize and secure the same for trial."

Section 3062 (section 5764) then provides:

"Every such vehicle and beast, or either, together with teams or other motive power used in conveying, drawing, or propelling such vehicle or merchandise, and all other appurtenances * * * shall be subject to seizure and forfeiture."

These sections were enacted in 1866 and are still in force. Under their provisions, standing alone, the distilled spirits brought into the United States from Canada since the act of August 10, 1917, became a law, as well as the vehicles in which same were brought, become subject to seizure and forfeiture, inasmuch as the distilled spirits were and are brought in "contrary to law." The bringing in is absolutely prohibited. But section 15 of the act of August 10, 1917, provides a punishment by fine or imprisonment for so bringing in or importing the liquors, and makes no reference directly or indirectly, or by inference, to any added punishment or penalty by way of forfeiture of the merchandise, liquors, so brought in, or of the vehicle in which transported into the United States. Is the punishment prescribed by section 15 of

the act of 1917 full, complete, comprehensive, exclusive, and final, and does it exclude or preclude the enforcement of the forfeiture prescribed by sections 3061 and 3062, R. S., above referred to? Section 3082, R. S. U. S. (Comp. St. § 5785), provides:

"If any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

Here we have provisions imposing a fine or imprisonment and also a forfeiture for fraudulently or knowingly importing or bringing into the United States, or assisting in so doing, "any merchandise contrary to law." But I do not see that those who violate the act of 1917, by bringing in distilled spirits, can be punished under this section, as the punishment is prescribed by the act of 1917 itself. The offenders cannot be punished under both sections, and evidently it was the purpose to have those who bring in distilled spirits in violation of the act of August 10, 1917, punished under the provisions of that act and as therein prescribed. In Daigle v. United States et al., 237 Fed. 159, 163, 150 C. C. A. 305, it was held that potatoes and the vehicle in which transported were subject to seizure and forfeiture; such potatoes having been imported and brought into the United States contrary to law, the importation of such potatoes having been prohibited by the Plant Quarantine Act (Act Aug. 20, 1912, c. 308, § 7, 37 Stat. 317 [Comp. St. § 8758]), which is quoted (237 Fed. on page 162, 150 C. C. A. 308) in the opinion.

That act of itself did not provide for seizure and forfeiture of the potatoes, or of the vehicle in which transported into the United States, but did contain the following:

"Sec. 10. That any person who shall violate any of the provisions of this act * * * shall be deemed guilty of a misdemeanor and shall, upon conviction thereof, be punished by a fine not exceeding five hundred dollars or by imprisonment not exceeding one year, or both such fine and imprisonment, in the discretion of the court." Comp. St. § 8762.

It does not appear that any criminal proceedings had been taken against the offenders, or fine or imprisonment imposed. So far as appears, the question was not raised that the person or persons importing the potatoes contrary to law could not be punished by fine or imprisonment, and compelled also to submit to the seizure and forfeiture of the vehicles, etc., in which same were carried or transported. Nothing is said in the case on that subject.

In United States v. McKee, 4 Dill. 128, Fed. Cas. No. 15,688, the defendant had been indicted and convicted and punished for having conspired with certain distillers, in violation of the Revised Statutes of

the United States, to defraud the United States by unlawfully removing distilled spirits without payment of the taxes thereon. He was afterwards sued in a civil action by the United States under another section of the Revised Statutes to recover a penalty given thereby of double the amount of the taxes lost by such conspiracy and fraud. The transactions giving rise to the criminal prosecution and punishment and the liability to the penalty were the same. It was held that the suit for the penalty was barred by the criminal trial, conviction, and punishment, as defendant could not be twice punished for the same offense. This case is cited, quoted, and approved in Coffey v. United States, 116 U. S. 436, at page 445, 6 Sup. Ct. 437, 29 L. Ed. 684.

In United States v. One Distillery (D. C.) 43 Fed. 846, it was held that:

"After an officer and stockholder of a corporation engaged in distilling is convicted for a violation of the internal revenue law, an action cannot be maintained to enforce the forfeiture of the corporation's property for the same offense, even though the forfeiture is resisted only by the other stockholders—following U. S. v. McKee, 4 Dill. 128 [Fed. Cas. No. 15,688]."

In United States v. Olsen (D. C.) 57 Fed. 579, it is held:

"A judgment of forfeiture entered against a vessel under Act July 5, 1884, § 10 (23 Stat. 117), for an act of the master in bringing Chinese laborers from a foreign port and landing them in the United States, in violation of section 2 of the act, cannot be pleaded by the owner of the vessel in bar to an indictment for aiding and abetting the act of the master, as forbidden in section 11 of the act. U. S. v. McKee, 4 Dill. 128 [Fed. Cas. No. 15,688]; Coffey v. U. S., 6 Sup. Ct. 437, 116 U. S. 436 [29 L. Ed. 684]; and U. S. v. One Distillery [D. C.] 43 Fed. 846, distinguished."

The Olsen Case is not necessarily in point, as all the acts of the master of the vessel which subjected the vessel to seizure and forfeiture, and on which acts the forfeiture of the vessel was based, were not necessarily those of the owner of the vessel in aiding and abetting the bringing in of the Chinese persons. The owner lost his vessel because of the unlawful acts of the master. Under the indictment found against the owner he was to be tried for aiding and abetting. The forfeiture was not incurred because of those acts of aiding and abetting, although the aiding and abetting must have been a part of the acts of the master. They must have acted in concert.

It is somewhat difficult to reconcile the Olsen Case with the McKee Case and the One Distillery Case. When a statute declares that if certain acts are done, which are made unlawful, the party doing them shall be punished on conviction by fine or imprisonment, or both, and also declares that the instrumentalities used in the commission of such offense shall also be subject to seizure and forfeiture to the United States, it well may be that indictment, conviction, and sentence do not constitute a bar to a proceeding in rem to enforce the forfeiture, inasmuch as the criminal prosecution and punishment and the proceeding in rem to enforce the forfeiture as a part of the punishment are necessarily separate and distinct proceedings, but both are pursued necessarily to enforce the penalty and punishment prescribed for the doing of the unlawful acts, viz. fine or imprisonment, it may be both,

*and* forfeiture of the instrumentalities used in the commission of the offense. It is all one punishment, although in a sense cumulative.

But when we have a statute, complete in and of itself, which makes the doing of certain prohibited acts, therein specified, a crime, and such statute also prescribes the punishment to be inflicted in case of violation, and such statute makes no reference to other statutes, it is going far to say that we may go to some other prior statute which in general language provides for the forfeiture to the United States of all instrumentalities used in the commission of offenses of that character. If the forfeiture is enforced, it is in the nature of and in fact amounts to the imposition of an added punishment, not found in or provided for in the statute which makes the doing of the prohibited act a crime and which also specifies the punishment to be inflicted in case of a violation. It is settled law that when a person is accused of a crime, indicted, tried, convicted, or acquitted, as the case may be, by a court of competent jurisdiction, and punished, if convicted, or acquitted, he cannot again be indicted, tried, convicted, and punished for the commission of that offense, or again tried.

"Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, that adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offense. * * * In this respect the criminal law is in unison with that which prevails in civil proceedings." Hawkins, J., in Queen v. Miles, 24 Q. B. D. 423, 431, adopted and approved by the Supreme Court in United States v. Oppenheimer, 242 U. S. 85, 88, 37 Sup. Ct. 68, 61 L. Ed. 161.

In Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, which was an action on information against certain distilled spirits and apparatus used in the distillation of same, for the forfeiture thereof, the defendant pleaded a prior judgment of acquittal on a criminal information filed against him by the United States for the same acts, founded on the same sections of the Revised Statutes as was the proceeding in rem for forfeiture. The Supreme Court, overruilng and reversing the courts below, held that, although the particular statutes —section 3257, R. S. U. S. (Comp. St. § 5993), and section 3450, R. S. U. S. (Comp. St. § 6352)—contained each a provision for the forfeiture of the apparatus and the imposition of a fine with imprisonment in the one case (section 3257), and for a forfeiture of the goods, etc., and the imposition of a fine or penalty in the other (section 3450), and in the third case under section 3453, R. S. U. S. (Comp. St. § 6355), for a forfeiture of the goods, etc., only, that the trial and acquittal on the criminal charge was conclusive in his favor in the suit for the forfeiture. In the criminal prosecution the jury had found that the acts charged had not been committed, and, the parties being the same, the court said:

"It is true that section 3257, after denouncing the single act of a distiller defrauding or attempting to defraud the United States of the tax on the spirits distilled by him, declares the consequences of the commission of the act to be (1) that certain specific property shall be forfeited; and (2) that the offender shall be fined and imprisoned. It is also true that the proceeding to enforce the forfeiture against the res named must be a proceeding in

rem and a civil action, while that to enforce the fine and imprisonment must be a criminal proceeding, as was held by this court in The Palmyra, 12 Wheat. 1, 14 [6 L. Ed. 531]. Yet, where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding, instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person, on the subsequent trial of a suit in rem by the United States, where, as against him, the existence of the same act or fact is the matter in issue, as a cause for the forfeiture of the property prosecuted in such suit in rem. It is urged as a reason for not allowing such effect to the judgment, that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States, in the suit in rem. Nevertheless the fact or act has been put in issue and determined against the United States; and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it, and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant."

This is not a holding that, if the defendant in the criminal prosecution had been convicted, the property could not have been proceeded against in and by the proceedings in rem. It having been duly adjudicated by a court of competent jurisdiction in the criminal action that defendant did not commit the acts alleged against him, it was held that that question could not again be litigated between the same parties in the action to forfeit the property, as the forfeiture, if incurred, was incurred because of the commission of the acts referred to. Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381, is to the same effect. In the Coffey Case the court further said:

"The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States and the claimant, in the criminal proceeding, so that the facts cannot be again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts."

In Origet v. United States, 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743, an information in a suit in rem against certain goods seized as forfeited for a violation of the revenue laws, a verdict was rendered for the condemnation of the goods. This was necessarily a finding that the acts had been committed. The information was filed under section 12 of Act June 22, 1874, c. 391 (18 Stat. 188). That law provides that if any owner or importer, with intent to defraud the revenue, should make or attempt to make any entry, etc., by means of fraudulent or false invoice, etc., he should—

"for each offense be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both; and, in addition to such fine, such merchandise shall be forfeited."

It was contended that the only way in which the goods could be condemned was by proceedings under indictment as an incident of the

prosecution of the offender by indictment, and that the forfeiture of the goods, like the fine and the imprisonment prescribed, is a part of the punishment upon a conviction on a criminal prosecution, and that the forfeiture is imposed only as an addition to the fine where that is imposed, and that the merchandise could not be forfeited independently of the imposition of the fine. The Supreme Court said and held:

"But we are of opinion that this is not the proper construction of the section. The fine, or the imprisonment, or both, are to follow conviction on a criminal prosecution of the owner, importer, consignee, agent, or other person, who does the act forbidden by the section, with the intent therein mentioned. The section then goes on to say that, 'in addition to such fine, such merchandise shall be forfeited.' The sole meaning of this is that the person owning the merchandise shall lose it by forfeiture, in addition to such possible loss as may come to him by the imposition, if he is the offender, of the pecuniary fine, on the criminal prosecution against him. But the merchandise is to be forfeited irrespective of any criminal prosecution. The forfeiture accrues to the United States on the commission or omission of the acts specified. No condition is attached to the imposition of the forfeiture. The section does not say that the merchandise shall be forfeited only on the conviction of some offender, whether the owner of the merchandise or one of the other persons named in the section. The person punished for the offense may be an entirely different person from the owner of the merchandise, or any person interested in it. The forfeiture of the goods of the principal can form no part of the personal punishment of his agent."

This, it seems to me, is a holding that fine and imprisonment, or either, is the punishment for the offense, and that the enforcement of a forfeiture of the goods involved, which must be in a separate proceeding in rem, forms no part thereof. If so, then in the instant case, and other like cases, the one who brings into the United States distilled spirits in violation of the act of August 10, 1917, in a wagon, sleigh, or automobile, subjects himself to a criminal prosecution and fine and imprisonment, one or both, and this is the punishment for such offense. The wagon, sleigh, or automobile, or other instrumentalities, used by him in so bringing in the distilled spirits, will be liable to forfeiture to the United States, and such forfeiture may be enforced in a proceeding in rem under other sections of the Revised Statutes. This would not be adding to the "punishment" imposed by section 15, chapter 53, Acts 1917, as such proceeding is no part thereof.

[3] The effect of a judgment of acquittal on a criminal charge of bringing in or importing distilled spirits, contrary to law, is essentially different from the effect of a judgment of conviction on the same charge. In the one case, that of acquittal, as between the same parties, it is established once for all that the acts alleged were not committed by the one charged with the offense. This question cannot again be tried or litigated between the same parties. On acquittal there is no fine, no imprisonment, no penalty, and no forfeiture. There cannot be. In the other case, that of conviction, it is an adjudication once for all, as between the same parties, that the acts alleged were committed, and in such case the consequences prescribed by law must follow. The consequences may be a fine, or imprisonment, or both, and to this may be added, as a consequence, the forfeiture of the instrumentalities used in the commission of the offense, bringing in of the merchandise—in this case distilled spirits—contrary to, or in violation of, law. If the

forfeiture of the merchandise or instrumentalities is a part of the punishment prescribed, it must be found in the statute fixing the punishment, in this case the act of August 10, 1917; but, if not, then authority for the seizure and forfeiture in a proper proceeding in rem may be given by and found in other statutes. So far as punishment for the violation of law is concerned, it must be presumed the one prescribed in the statute is the only one, and exclusive of all others, and a punishment prescribed in other statutes, even a general one, for bringing in merchandise contrary to law, or in violation of law, cannot be resorted to.

But punishment for the offense by fine or imprisonment may not be the only consequence that follows such a violation of law. The distilled spirits may not belong to the one who commits the offense of bringing them into the United States, but they may be forfeited by proper proceedings in rem against the owner or the thing itself. The vehicles used in so bringing in the distilled spirits contrary to law may not belong to the one who uses them in so violating the law, but they may be seized and forfeited in a proceeding in rem. If A. is accused of bringing in distilled spirits contrary to law, and he is tried for the offense and acquitted, this is no bar to a criminal prosecution against B., who did bring such spirits in contrary to law. If the instrumentalities used, as a vehicle, wagon, or automobile, belong to a third person, C., such instrumentalities may be proceeded against by a suit in rem for the forfeiture thereof under the applicable statutes found in other acts of Congress.

In United States v. A Lot of Precious Stones, etc., 134 Fed. 61, 68 C. C. A. 1, criminal indictments were found and presented against Albert Schmidt and Sara Crawford Schmidt, his wife, separately charging each with a violation of section 3082, by having fraudulently imported into the United States certain precious stones, etc. Albert Schmidt was tried on the indictment against him and acquitted. Thereupon the United States attorney moved a nol. pros. of the indictment against Sara Crawford Schmidt and same was nol. prossed accordingly. The dismissal of an indictment does not operate as an acquittal. Dealy v. United States, 152 U. S. 539, 542, 14 Sup. Ct. 680, 38 L. Ed. 545. Prior to the finding of the said indictments an information for the condemnation of said precious stones and jewels had been filed against said Albert Schmidt and Sara A. Crawford, really Sara Crawford Schmidt, founded on the same acts, and after the acquittal of Albert Schmidt, and after the indictment against Sara Crawford Schmidt was nolle prossed, the United States proceeded with the condemnation proceedings under the information against Sara A. Crawford. It was contended that the acquittal of Albert Schmidt and the nolle pros. of the indictment against Sara Crawford Schmidt, named in the information Sara A. Crawford, was a bar to the proceedings against her under and on the information. This contention was overruled. It was held that, notwithstanding the acquittal of Albert Schmidt and the nolle pros. of the indictment against Sara Crawford Schmidt, the proceedings for condemnation against her might continue, and accordingly the judgment of the lower court that the acquittal and nolle pros. barred

further proceedings against her on the information for condemnation was reversed. This decision was rendered by the Circuit Court of Appeals, Sixth Circuit, Lurton, Severens, and Richards, Circuit Judges, and in the course of the opinion the court said:

"If there had been no indictments found against Albert Schmidt and Sara Crawford Schmidt individually, and upon the trial of the information the jury had found that Albert Schmidt was not guilty of the charge, and Sara Crawford Schmidt was, a judgment for the forfeiture of the goods seized and libeled would have followed. Since the information charges her, along with Albert Schmidt, with the fraudulent importation of these goods, and since there has been no adjudication of the question whether she was individually guilty or not, we are of the opinion that that question may still be tried in the forfeiture proceeding."

In United States v. Manufacturing Apparatus, etc. (D. C.) 240 Fed. 235, it was held by Lewis, District Judge, that:

"The criminal prosecution of a stockholder and director of a corporation under Act Aug. 2, 1886, c. 840, § 17, 24 Stat. 212 (Comp. St. 1913, § 6229), for defrauding the United States of the tax on oleomargarine resulting in an acquittal, is not a bar to a subsequent proceeding under said section for the forfeiture of the oleomargarine and the manufacturing apparatus and raw materials for its manufacture owned by the corporation based upon the same alleged offense."

In Ex parte Lange, 18 Wall. 163, 168 (21 L. Ed. 872), it is held:

"If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense."

In the instant cases the question is whether or not, after the conviction of a defendant of the offense of importing distilled spirits into the United States contrary to law (and importation is absolutely prohibited under the act of August 10, 1917), and a fine, or imprisonment, or both, has been imposed as prescribed by that act, proceedings in rem for the forfeiture of both such distilled spirits so imported and the instrumentalities used in so unlawfully bringing in or importing the distilled spirits, or either, can be maintained against the party guilty of the unlawful act, and who has been convicted and fined or imprisoned, or against the property itself so used and belonging to him. In other words, after criminal prosecution and punishment for the offense by fine or imprisonment, is the prosecution of proceedings to condemn and forfeit an effort to secure and enforce an added or double punishment, and, if successful, would such condemnation operate as an added or double punishment for the same offense?

[2] When a statute creates a new offense and fixes the penalty, or provides a specific punishment, only that punishment can be inflicted which the statute prescribes. McBroom v. Schottish, etc., 153 U. S. 318, at page 325, 14 Sup. Ct. 852, 38 L. Ed. 729; Farmers', etc., Bank v. Dearing, 91 U. S. 29, 35, 23 L. Ed. 196; Oates v. National Bank, 100 U. S. 239, 250, 25 L. Ed. 580; Barnet v. National Bank, 98 U. S. 555, 558, 25 L. Ed. 212; Stafford v. Ingersol, 3 Hill (N. Y.) 38; First National Bank of Whitehall v. Lamb, 57 Barb. (N. Y.) 429; De Wolf v. Johnson, 10 Wheat. 367, 390, 6 L. Ed. 343; 10 Cyc. U. S. Rep. 1093. The act of August 10, 1917, is a new statute and creates a new offense, and prescribes or denounces the penalty or punishment

and makes no reference to any forfeiture or to any other statute. In Oates v. National Bank, supra, 100 U. S. at page 250, 25 L. Ed. 580, the court said:

"It denounces no penalty other than a forfeiture of the interest which the note or bill carries, giving to the debtor the right to sue for and recover twice the amount of interest so paid. If we should declare the contract of indorsement void, and, consequently, that no right of action passed to the bank on the note transferred as collateral security, an additional penalty would thus be added beyond those imposed by the law itself. 'On what principle could this court add another to the penalties declared by the law itself?' De Wolf v. Johnson, 10 Wheat. 367 [6 L. Ed. 343]; Farmers' & Mechanics' National Bank v. Dearing, 91 U. S. 29 [23 L. Ed. 196]; Barnet v. National Bank, 98 U. S. 555 [25 L. Ed. 212]."

In De Wolf v. Johnson, supra, the transaction originated on a contract of loan made in Rhode Island by De Wolf to Prentiss, the payment of which was secured by a mortgage on lands in Kentucky. The question arose whether the contract was void under the usury laws of either state. The laws of Rhode Island, where the contract was made, prescribed a penalty and forfeiture of certain amounts in such cases, but the laws of Kentucky made usurious contracts void. The court held that this contract was governed by the laws of Rhode Island, and that no other penalty or forfeiture could be imposed, and that the contract could not be held void under the statute of Kentucky. The court said:

"The law of Rhode Island certainly forbids the contract of loan for a greater interest than 6 per cent., and so far no court would lend its aid to recover such interest. But the law goes no further; it does not forbid the contract of loan, nor preclude the recovery of the principal, under any circumstances. The sanctions of that law are the loss of the interest, and a penalty to the amount of the whole interest, and one-third of the principal, if sued for within a year. On what principle could this court add another to the penalties declared by the law itself?"

The court was not dealing with a case where the law of the same state by some other statute made it a crime and imposed a fine and punishment, one or both, for the act of contracting for usury, but was considering a case where the laws of one state, that where the contract was made, prescribed a certain penalty, and the laws of another, where the property was situated, prescribed another. In Farmers' National, etc., Bank v. Dearing, 91 U. S. 29, 35, 23 L. Ed. 196, the court was considering the forfeiture declared by the thirtieth section of Act June 3, 1864, c. 106, 13 Stat. 99 (Comp. St. §§ 9758, 9759), and the effect, if any, of a state statute on the same subject, and the court held (91 U. S. page 35, 23 L. Ed. 196):

"Where a statute creates a new offense and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes"—citing Stafford v. Ingersol, 3 Hill (N. Y.) 38; and First National Bank of Whitehall v. Lamb, 57 Barb. (N. Y.) 429.

But this is not a holding or a declaration that, if there be a general statute of the United States declaring that all property brought into the United States contrary to law, and all instrumentalities used in

bringing such property in, shall be forfeited, and by a new statute of the United States the bringing in of certain property not before excluded is prohibited, and the act of so bringing in is made a crime punishable by fine or imprisonment, that the merchandise or property and such instrumentalities so used may not be forfeited under the provisions of such former general statute. The forfeiture is no part of the punishment for the illegal act as we have seen. Origet v. United States, 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743.

The act offended against, that of August 10, 1917, bringing distilled spirits into the United States, is not a customs law or a revenue law, as the merchandise is not dutiable, and the United States has no interest in such distilled spirits, except it be to keep them out of the United States. See Boyd v. United States, 116 U. S. 616, 624, 6 Sup. Ct. 524, 529 (29 L. Ed. 746), where the court said:

"In the case of stolen goods, the owner from whom they were stolen is entitled to their possession; and in the case of excisable or dutiable articles, the government has an interest in them for the payment of the duties thereon, and until such duties are paid has a right to keep them under observation, or to pursue and drag them from concealment."

The right of the United States to seize and forfeit the distilled spirits is because they are brought in in violation of law, and the right, if it exists, to seize and forfeit the instrumentalities used by the wrongdoer in bringing in such merchandise contrary to law must be based on the fact they are used in the commission of an offense against the United States. If the offense has not been committed, then there can be no right of seizure or of forfeiture. In the Boyd Case, supra, 116 U. S. at page 633, 634, 6 Sup. Ct. 534, 29 L. Ed. 746, the court also says:

"We are also clearly of opinion that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal. * * * These are the penalties affixed to the criminal acts; the forfeiture sought by this suit being one of them. * * * The information, though technically a civil proceeding, is in substance and effect a criminal one."

And this is again held in Stone v. United States, 167 U. S. 178, 187, 17 Sup. Ct. 778, 42 L. Ed. 127, and in the Stone Case United States v. McKee, 4 Dill. 128, Fed. Cas. No. 15,688, supra, is again referred to with apparent approval. In the cases of offending against the act of August 10, 1917, no revenue is to be collected, and the offense of bringing in the distilled spirits is made a crime, and the act itself denounces the penalty. Having been indicted and fined or imprisoned, one or both, the defendant has answered to the offense, and the proceeding, in its nature criminal, to take the property, especially the instrumentalities used, is a proceeding not against such property alone, but against the offender, and an attempt to take and forfeit his property, not because the United States has any interest in it, but for the alleged reason he used it as an instrumentality in the commission of the crime, and as to the spirits themselves it is a taking and a forfeiture to the United States because of their being in the United States contrary to law. In the Boyd Case, supra, the court (116 U. S. at page 637, 6 Sup. Ct. 524, 29 L. Ed. 746) holds, in effect, that a proceeding in rem

for the forfeiture of property is not one against the property alone, but against the owner also.

I am of the opinion that a distinction must be made between the right of the United States to seize and forfeit the distilled spirits brought into the United States contrary to the act of August 10, 1917, and its alleged right to seize and forfeit the instrumentalities used in effecting such violation. It is settled that the United States may say that Chinese laborers may not come or be brought into the United States. Such Chinese persons, not citizens, may be seized, if they do come, and deported. The United States has, it seems to me, an equal right to say that distilled spirits shall not come or be brought into the United States. If brought in, they are here contrary to law, and may be seized and disposed of. It cannot be that, if the one who brings them in is indicted and fined or imprisoned, he may retain as his own in the United States such distilled spirits. Such punishment cannot have the effect to legalize the presence of such spirits in the hands of the wrongdoer in the United States. It is not an added punishment to seize and condemn them. But this has no application to the instrumentalities used by a citizen of the United States and owned by him in so bringing in such spirits. These are not in the United States contrary to law. There is no law forbidding their presence in the United States. The general statute referred to provides for their seizure and forfeiture only. If forfeited, it must be by virtue of some statute; and, if taken from the wrongdoer, who is the owner, it must be for the reason he used them in the commission of an offense, and, as such instrumentalities are not seized for the collection of some sum due to the United States, and for the reason it has an interest in them, it would seem the seizure must be in the nature of the enforcement of an added punishment for the offense, as the proceedings in rem to enforce the forfeiture are criminal in their nature as we have seen. Such seizure and forfeiture is clearly in the nature of an added penalty for the commission of the offense.

I am of the opinion, while the authorities are conflicting, that when a defendant has been indicted, convicted, and punished by a court of competent jurisdiction, pursuant to the provisions of section 15, c. 53, Act Aug. 10, 1917 (see, also, section 301, c. 63, Act Oct. 3, 1917, title 3, 40 Stat. 308 [Comp. St. 1918, § 8739b] War Tax on Beverages), for bringing distilled spirits into the United States, he cannot be proceeded against by proceedings in rem for the forfeiture of his vehicles used in bringing in such spirits, inasmuch as the statute is new, denounces the penalty and punishment for the offense to be imposed, and makes no reference to any forfeiture of such property, or to any other or prior statute.

As to the distilled spirits brought in contrary to law, I am of the opinion they are unlawfully in the United States, and may be seized and disposed of by forfeiture or otherwise, and that such seizure and forfeiture is not the imposition of a double or added punishment.